UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAIME LUEVANO, | § | CIVIL NO. SA-15-CV-142-DAE |
| TDCJ No. 1655791, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | |
| HILLARY CLINTON. | § | |
| UNIDENTIFIED U.S. TEXAS JUDGES, | § | |
| UNIDENTIFIED STATE TEXAS JUDGES, | § | |
| and UNIDENTIFIED HIGH RANK | § | |
| U.S. CONGRESS OFFICIALS, | § | |
| | § | |
| | § | |
| Respondents. | § | |

MEMORANDUM OPINION AND ORDER

The matter before this Court is the status of this case. Petitioner has failed to timely comply with the Magistrate Judge's Show Cause Order directing Petitioner to (1) either pay the five dollar filing fee in this cause or file a complete In Forma Pauperis application and (2) explain why Petitioner's federal habeas corpus action should not be dismissed for failure to comply with this Court's prior sanctions Order imposed upon petitioner for the filing of frivolous and malicious civil rights lawsuits and frivolous federal habeas corpus actions. For the reasons set forth below, this Court **DISMISSES** Petitioner's current habeas corpus petition as frivolous and malicious and will impose sanctions to dissuade Petitioner from continuing his lengthy campaign of filing malicious, vindictive, federal habeas corpus filings in this and other federal courts.

1

# I. __Background__

Petitioner was convicted in El Paso County, Texas in March, 2010 of burglary of a habitation with intent to commit theft  (El Paso trial court no. 20070D04789) and burglary of a habitation with intent to commit aggravated sexual assault on a child (El Paso trial court no. 20070D04788) and received 25-year and life sentences, respectively.  The Texas Court of Appeals for the Eighth District (El Paso) affirmed petitioner's convictions in both cases and the Texas Court of Criminal Appeals refused discretionary review.  *See Luevano v. State*, 2012 WL 1883117 (Tex. App. – El Paso May 23, 2012, *pet. ref'd Sept. 12, 2012*) (affirming conviction for burglary of a habitation with intent to commit theft and 25-year sentence); *Luevano v. State*, 2012 WL 1883115 (Tex. App. – El Paso May 23, 2012, *pet ref'd Oct. 10, 2012*) (affirming conviction for burglary of a habitation with intent to commit aggravated sexual assault upon a child and life sentence), *cert. denied*, 134 S. Ct. 89 (October 7, 2013).  Petitioner did not thereafter file a state habeas corpus action challenging either of his convictions.

In January, 2011, petitioner filed a civil action in the United States District Court for the Northern District of Texas seeking a writ of mandamus to compel state officials to investigate alleged wrongdoing at the TDCJ's Connally Unit.  That Court transferred the cause to this Court. The Clerk docketed that action as cause no. SA-11-CA-131-OG.  In a Dismissal Order issued February 28, 2011, District Judge Orlando L. Garcia noted Petitioner's lengthy history of frivolous litigation in this and other federal courts, denied Petitioner leave to proceed In forma pauperis, dismissed the action for failure to prosecute and pay the filing fee, imposed a monetary sanction of one hundred dollars, and ordered "that in any future civil pleading Jaime Luevano files or attempts to file in any United States District Court to open a civil case, he must set out in the pleading a

complete history of his previous civil litigation in federal courts, identifying each case by name and cause number, stating the court in which each case was filed, and stating the result of each case."[1]

Disregarding Judge Garcia's sanctions Order, in 2012, Petitioner brought a civil action seeking a writ of mandamus in the Waco Division of this Court (docketed in this Court as cause no. W-12-CA-049-WSS) which District Judge Walter S. Smith dismissed based upon Petitioner's failure to comply with filing restrictions set forth by District Judge Orlando L. Garcia in cause no. SA-11-CA-131-OG (including a sanction barring Petitioner from filing any action in this Court until Petitioner first paid all monetary sanctions imposed in that cause) and in which Judge Smith expressly warned Petitioner that further sanctions would be imposed if Petitioner continued to disregard Judge Garcia's sanctions Order.[2]

Once more disregarding Judge Garcia's sanctions Order, Petitioner submitted a federal habeas corpus action to the United States District Court for the Northern District of Texas, which transferred same to the El Paso Division of this Court in January, 2014.  The Clerk docketed Petitioner's action as cause no. EP-14-CA-20-PRM.  In his pro se Section 2254 habeas corpus action, Petitioner sought to challenge his El Paso County burglary convictions.  In an Order  issued

---

[1] A copy of Judge Garcia's Dismissal Order issued February 28, 2011 (ECF no. 8 in cause no. SA-11-CA-131-OG) was attached to this Court's Memorandum Opinion and Order in cause no. SA-14-CA-543-DAE, which is attached to this Memorandum Opinion and Order.

[2] A copy of Judge Smith's Order issued March 5, 2012 (ECF no. 6 in cause no. W-12-CA-049-WSS) was attached to this Court's Memorandum Opinion and Order in SA-14-CA-543-DAE which is attached hereto.

March 26, 2014, District Judge Philip R. Martinez dismissed Petitioner's habeas action in that cause for failure to comply with multiple Court Orders.[3]

Petitioner submitted a Section 2254 federal habeas corpus action to a federal court in Ohio, which transferred same to the San Antonio Division of this Court.  While purporting to challenge his El paso County state criminal convictions, Petitioner named as respondents in that federal habeas corpus petition the Governor of Ohio, unspecified "U.S. Texas Judges," and the Director of the Texas Department of Criminal Justice's Institutional Division.  The Clerk docketed Petitioner's new Section 2254 action on June 12, 2014 as cause no. SA-14-CA-543.  In his Section 2254 petition (ECF no. 1), Petitioner argued in rather vague and ambiguous terms that (1) unidentified videotaped evidence shows Petitioner is not guilty, (2) Child Protective Service reports and police reports (which showed Petitioner's minor accuser in the burglary of a habitation with intent to commit aggravated sexual assault case) were not submitted to the trial court to show Petitioner's accuser was lying,[4] (3) unidentified persons tampered with the blood (DNA) samples used against Petitioner at trial, (4) Petitioner's trial counsel rendered ineffective assistance by failing to (a) file unspecified motions to obtain unidentified missing evidence, (b) arrange for Petitioner to talk with a court-appointed defense investigator, (c) prevent the trial judge from abusing and mistreating Petitioner's counsel, (d) ensure the defense investigator investigated Petitioner's medications, (e) possess

---

[3] A copy of Judge Martinez's Dismissal Order of March 26, 2014 (ECF no. 11 in cause no. EP-14-CA-20-PRM) was attached to this Court's Memorandum Opinion and Order in cause no. SA-14-CA-543-DAE which is attached hereto. Judge Martinez noted in footnote 8 of his Dismissal Order the Petitioner's lengthy history of filing actions in this and other federal courts which have been dismissed for failure to prosecute and failure to comply with Court Orders.

[4] Petitioner's arguments in support of his claims for relief in his federal habeas corpus petition in cause no. SA-14-CA-543-DAE disregarded the fact Petitioner was convicted in his El Paso County case based on DNA evidence recovered from the minor victim's buttocks.

adequate training, and (f) object to or otherwise prevent prosecution witnesses from testifying while under medication and hypnosis, (5) the Texas Court of Appeals used new laws, rules, and cases to issue a fraudulent opinion affirming Petitioner's convictions, and (6) Petitioner's child-accuser in the burglary with intent to commit aggravated sexual assault case never went to the hospital and was never examined by a physician, nurse, or other medical professional.

In an Order to Show Cause issued June 19, 2014 (ECF no. 2 in cause SA-14-CA-543-DAE), the Magistrate Judge directed Petitioner to either pay the five dollar filing fee or file a complete In forma pauperis application together with a certified copy of Petitioner's inmate trust account statement establishing the current balance in Petitioner's TDCJ inmate trust account.  Petitioner responded to the Show Cause Order by first requesting additional time within which to comply with same and seeking the Magistrate Judge's recusal (ECF no. 3 in SA-14-CA-543-DAE).  In an Order issued July 10, 2014 (ECF no. 4 in SA-14-CA-543-DAE), this Court denied Petitioner's motion to recuse the Magistrate Judge but granted Petitioner's motion for additional time to comply with his financial obligations in this cause.

On August 5, 2014 (ECF no. 5 in SA-14-CA-543-DAE) Petitioner sought leave to amend his federal habeas corpus petition and submitted various documents establishing Petitioner then had more than eleven dollars in his inmate trust account with which to pay the five dollar filing fee in this cause.  In an Order issued August 11, 2014 (ECF no. 6 in SA-14-CA-543-DAE), the Magistrate Judge granted Petitioner's motion for leave to amend, directed Petitioner to file an amended petition within 21 days, and denied Petitioner's request for leave to proceed In forma pauperis.  Petitioner then appealed the Magistrate Judge's denial of his request for leave to proceed In forma pauperis (ECF no. 7 in SA-14-CA-543-DAE) and filed a motion to compel the United States Attorney

General to file criminal charges against officials at the TDCJ's Connally Unit (ECF no. 9 in SA-14-CA-543-DAE).  In an Order issued August 21, 2014 (ECF no. 8 in SA-14-CA-543-DAE), this Court denied Petitioner's appeal of the Magistrate Judge's decision denying Petitioner's In forma pauperis request.  Petitioner thereafter filed an interlocutory appeal to the Fifth Circuit (ECF no. 10 in SA-14-CA-543-DAE) which the Fifth Circuit dismissed in an Order issued January 14, 2015 in cause no. 14-50956 filed in that appellate court.

In a Memorandum Opinion and Order issued October 16, 2014 in cause no. SA-14-CA-543-DAE, this Court (1) dismissed without prejudice Petitioner's federal habeas corpus action, (2) directed TDCJ officials to withdraw five dollars from Petitioner's inmate trust account and pay same to the Clerk, (3) directed the Clerk to refuse to accept transfers of any future federal habeas corpus actions filed by Petitioner until  Petitioner paid the sanctions imposed upon him and complied with the conditions set forth in the Dismissal Order in cause no. SA-11-CA-131-OG, and (4) denied Petitioner a Certificate of Appealability.  Petitioner filed no Notice of Appeal from the Judgment in SA-14-CA-543-DAE.

## II. Proceedings in this Case

Petitioner filed this purported federal habeas corpus action in the Fifth Division (Duluth) of the United States District Court for the District of Minnesota, naming as respondents herein former United States Secretary of State Hillary Clinton, unidentified "U.S. Texas Judges," unidentified "State Tex. Judges," and unidentified "High Rank U.S. Congress Officials."  As grounds for relief, Petitioner argues in his original petition that (1) he is entitled to have the United Nations compel Hillary Clinton to submit to a polygraph examination, (2) certain DNA evidence was lost in his case and later discovered in time to entrap Petitioner for an unspecified offense, (3) former Secretary of

State Clinton was somehow involved in an unspecified manner in a plot to have Petitioner wrongfully convicted of an unspecified offense in El Paso, Texas, (4) Professor Peter Henning of Detroit, Michigan was somehow involved in a plot against Petitioner, (5) unspecified persons were placed in the witness protection program as part of the plot against Petitioner, and (6) Petitioner is entitled to have the FBI and U.S. Marshals investigate the plot against him (ECF no. 1).

To date, Petitioner has neither paid the five dollar filing fee in this Section 2254 action nor filed his amended petition, as directed in the Order issued March 4, 2015 (ECF no. 6). The deadline for the filing of Petitioner's amended petition has passed. While Petitioner has filed a motion requesting additional time within which to comply with the Show Cause Order (ECF no. 7), that motion furnishes no coherent, rational, or even intelligible explanation as to why Petitioner failed timely comply with the Show Cause Order. Nor does that motion offer any rational explanation as to why Petitioner needs additional time to obtain and file a copy of his TDCJ inmate trust account statement or to pay the modest filing fee herein. In fact, Petitioner's motion for extension of time and for leave to amend (while complaining cryptically about the quality of the food Petitioner has received recently, the alleged denial to plaintiff of envelopes, and the alleged opening of Petitioner's "legal mail" by TDCJ mail room or law library personnel) does not explain why, despite the exercise of due diligence, Petitioner was unable to timely comply with the Magistrate Judge's Show Cause Order. The Court will deny Petitioner's motions for leave to amend and for extension of time because, as explained below, any such extension or amendment would be wholly futile. Petitioner is not entitled to pursue federal habeas corpus relief under Title 28 U.S.C. Section 2241 against any of the persons identified as respondents in Petitioner's current federal habeas corpus petition. Petitioner is also no longer entitled to pursue federal habeas corpus review of his convictions under

Section 2254 because the AEDPA's one-year statute of limitations on a Section 2254 federal habeas corpus petition challenging Petitioner's convictions has expired.  Furthermore, Petitioner has offered no rational explanation for his refusal to furnish this Court with a certified copy of Petitioner's TDCJ inmate trust account statement which statement is available from the law librarian at Petitioner's TDCJ facility.

### III. Petitioner's 2241 Action is Frivolous and Malicious

In his two most recent Section 2241 federal habeas corpus actions filed in other courts, which were transferred to this Court, Petitioner named as respondents a host of federal and state officials who have never had custody of Petitioner's persons, including a variety of unidentified state and federal judicial officers, the Governor of Ohio, and the former United States Secretary of State. None of these individuals is a proper respondent in an action for federal habeas corpus relief filed by a prisoner in the custody of the Texas Department of Criminal Justice's Institutional Division. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-42 (2004) (holding the commander of the United States naval brig facility where the Petitioner was housed was the proper respondent in a federal habeas corpus action, not the United States Secretary of Defense).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the Petitioner]." The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court.  We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney,* 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added).

> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

*Rumsfeld v. Padilla*, 542 U.S. at 434-36 (citations omitted).

Petitioner alleges no facts showing that any of the persons identified as a respondent in Petitioner's original federal habeas corpus petition in this cause has ever exercised custody over Petitioner's person.   Thus, Petitioner's Section 2241 action must be dismissed as frivolous. Furthermore, given Petitioner's history of filing his Section 2241 actions in places where he is not physically incarcerated and in refusing to comply with this Court's prior sanctions Orders, Petitioner's filing of the present action was likewise malicious in nature.

Moreover, this Court's finding that Petitioner's action in filing this purported federal habeas corpus action was malicious in nature is also supported by the fact Petitioner's most recent pleadings in this cause, filed in response to the Magistrate Judge's Show Cause Order, do not make any good faith effort to address any of the concerns contained in the Show Cause Order.   Rather, Petitioner's filing of this action appears to be yet another attempt by Petitioner to litigate complaints about the conditions of Petitioner's current confinement without complying with 28 U.S.C. Section 1915(g). More specifically, Petitioner has once more attempted to employ a purported federal habeas corpus action to complain about the conditions under which he is currently being incarcerated.   Complaints about conditions of confinement must be brought in a civil rights complaint, not a federal habeas corpus petition.  *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (recognizing the right of state prisoners to bring federal civil rights actions to challenge the conditions of their confinement); *Cook v. Tex. Dep't of Criminal Justice*, 37 F.3d 166, 168 (5th Cir. 1994) ("Section 1983 is an

appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement."). By filing three or more frivolous civil rights actions in the federal courts, Petitioner has abdicated his right to bring new federal civil actions challenging the conditions of his confinement without first establishing he is "under imminent danger of serious physical injury." *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007) ("The PLRA's three-strikes provision bars prisoners from proceeding IFP in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury."); 28 U.S.C. §1915(g).

The PLRA's "three strikes" rule does not ordinarily bar prisoner from proceeding in forma pauperis in a habeas action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). This does not mean, however, that Petitioner may circumvent Section 1915(g)'s three strikes rule by filing a series of purported Section 2241 actions against state and federal officials who have no relationship to the place where Petitioner is currently incarcerated for the purpose of challenging the conditions under which Petitioner is currently incarcerated or to assert frivolous civil rights conspiracy claims. Petitioner has made no effort to allege any specific facts showing he is currently under imminent danger of serious physical injury from any of the persons identified as respondent in Petitioner's federal habeas corpus petition herein. Nor has Petitioner alleged any specific facts to support his conclusory civil rights conspiracy claims. Conclusory allegations of conspiracy in a Section 1983 lawsuit are insufficient, absent reference to material facts, to state a substantial claim of federal conspiracy or withstand scrutiny under either 28 U.S.C. Section 1915(e) or Federal Rule of Civil Procedure Rule 12 (b)(6). *See Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) ("Plaintiffs

must develop facts from which a trier of fact could reasonably conclude that Neeley agreed with others to commit an illegal act and that a deprivation of constitutional rights occurred."); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (holding, in cases where the plaintiff is proceeding in forma pauperis, that conclusory allegations of a civil rights conspiracy are subject to dismissal as frivolous); *Turner v. Upton County*, 967 F.2d 181, 186 (5th Cir. 1992) (holding global allegations of conspiracy, unsubstantiated with any evidence supporting same, were insufficient to support an inference that a county official had conspired with a private party to plant evidence and maliciously prosecute the plaintiff); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991) (holding civil rights conspiracy claims must include allegations of specific operative facts); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990) ("In order to prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy.").

Petitioner may not employ 28 U.S.C. Section 2241 as a subterfuge to circumvent Section 1915(g)'s "three strikes" rule and file multiple frivolous civil rights action under the guise of pursuing federal habeas corpus relief.  That is because civil rights actions and federal habeas corpus actions pursue two very different goals. A petition for writ of habeas corpus is properly directed at the sole issue of the legality of a prisoner's current confinement and seeks the Petitioner's release from custody: "It is clear, not only from the language of Sections 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484.  Petitioner's most recent motions make clear Petitioner is not asserting legitimate claims for federal habeas corpus relief, but rather is attempting

to employ Section 2241 to assert what are clearly claims for other forms of civil remedies, including mandamus.

Petitioner's repeated efforts to utilize Section 2241 to circumvent Section 1915(g), and ignore this Court's prior sanctions Orders, will be addressed hereinafter in the section of this Order addressing the issue of sanctions.

### IV. <u>Limitations in Section 2254 Actions</u>

Insofar as Petitioner's pro se federal habeas corpus petition herein can be liberally construed as seeking relief from Petitioner's El Paso County burglary convictions pursuant to 28 U.S.C. Section 2254, Petitioner's petition is untimely.

This Court's review of Petitioner's claims for federal habeas corpus relief is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Tassin v. Cain*, 517 F.3d 770, 776 n.18 (5th Cir. 2008) (holding the AEDPA applies to habeas corpus cases filed in the United States District courts on or after April 24, 1996). "The AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (internal quotation marks omitted). A criminal conviction is "final" for purposes of the AEDPA's one-year limitations period when the defendant has exhausted his state appeals and either (1) the time for requesting a petition for certiorari review has passed or (2) the Supreme Court has affirmatively denied such a petition. *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Paredes v. Quarterman*, 574 F.3d 281, 287 (5th Cir. 2009), *cert. denied*, 131 S. Ct. 1050 (2011).

Petitioner's conviction for burglary of a habitation with intent to commit theft was affirmed on direct appeal on May 23, 2012 by the Texas Eighth Court of Appeals.  The Texas Court of Criminal Appeals refused discretionary review on September 12, 2012.  Petitioner did not thereafter seek to challenge his conviction and sentence through the filing of a petition for writ of certiorari with the United States Supreme Court.  The deadline for filing a certiorari petition is ordinarily ninety days from the date a state court of discretionary review has issued an order denying discretionary review.  *Paredes v. Quarterman*, 574 F.3d at 287 n.4 (*citing* Sup. Ct. R. 13.1).  Thus, Petitioner's conviction became final for purposes of the AEDPA's one-year limitations period not later than December 12, 2012, i.e., the ninety-first day after the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review.  The deadline for filing a federal habeas corpus petition challenging that conviction expired not later than December 12, 2013.

Petitioner's conviction for burglary of a habitation with intent to commit aggravated sexual assault upon a child was affirmed on direct appeal on May 23, 2012 by the Texas Eighth Court of Appeals.  The Texas Court of Criminal Appeals refused discretionary review on October 10, 2012. The United States Supreme Court denied Petitioner's petition for writ of certiorari on October 7, 2013, the date that conviction became final for purposes of the AEDPA's statute of limitations.  The deadline for filing a federal habeas corpus petition attacking that conviction expired October 7, 2014.

The AEDPA does provide for the tolling of the limitations period during the pendency of an application for state habeas corpus relief.  28 U.S.C. § 2244(d)(2).  Petitioner does not allege that he filed an application for state habeas corpus relief challenging either of his burglary convictions. This Court's independent examination of the public records of the Texas Court of Criminal Appeals

and the 409th Judicial District Court of El Paso County, Texas reveals Petitioner has, to date, failed to file an application for state habeas corpus review of either of his burglary convictions.

Petitioner's El Paso County conviction for burglary with intent to commit theft became final, and his limitation period began to run, on December 12, 2012, the date on which the 90–day period in which to seek review of his conviction with the United States Supreme Court expired. *See Palacios*, 723 F.3d at 604; *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); 28 U.S.C. § 2244(d)(1)(A). The deadline for filing Petitioner's federal habeas corpus petition challenging that conviction expired December 12, 2013. Petitioner's federal habeas corpus petition in this cause was signed but not dated. Nonetheless, that petition was received by the federal court in Duluth, Minnesota on February 9, 2015, more than thirteen months after the deadline for filing a Section 2254 action attacking that conviction expired.

Petitioner's conviction for burglary with intent to commit aggravated sexual assault upon a child became final on October 7, 2013. The deadline for filing a federal habeas corpus petition challenging that conviction expired October 7, 2014. Petitioner's federal habeas corpus petition was received by the federal court in Duluth more than four months after the deadline for filing a Section 2254 petition attacking that conviction expired. Unless Petitioner is entitled to the benefit of the doctrine of equitable tolling, his pro se habeas corpus petition is untimely.

The Supreme Court has made clear a federal habeas corpus Petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). "Equity is not intended for those who sleep on their rights." *Manning v. Epps*. 688 F.3d 177, 183 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1633

14

(2013).  Even those petitioners represented by incompetent counsel are required to exercise due diligence in pursuing their rights.  *See id.* at 184-85 (holding delay of 19 months in filing federal habeas corpus petition was the antithesis of due diligence).  Ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during a post-conviction collateral attack upon a criminal conviction.  *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).  Mere attorney error or neglect will not establish extraordinary circumstances warranting equitable tolling.  *Id.*

Any arguments Petitioner might wish to make suggesting he was either ignorant of, or unfamiliar with, the AEDPA's one-year limitations period, incarcerated, and proceeding without the assistance of counsel do not rise to the level of extraordinary circumstances sufficient to warrant equitable tolling.  The Fifth Circuit has repeatedly held neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.  *See Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling); *Whitt v. Stephens County*, 529 F.3d 279, 283 n.7 (5th Cir. 2008) (neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling of limitations).  Petitioner has failed to allege any facts showing he is entitled to equitable tolling of the AEDPA's one-year statute of limitations in this cause. *See Pace v. DiGuglielmo*, 544 U.S. at 418 ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *In re Campbell*, 750 F.3d 523, 533 (5th Cir. 2014) ("Equitable tolling is to be 'applied restrictively' and should be entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiffs claims when strict application of the statute of limitations would be inequitable.' "). Petitioner's February,

15

2015 federal habeas corpus petition attacking his El Paso County convictions is clearly untimely and must be dismissed pursuant to 28 U.S.C. Section 2244(d).

## V. <u>Certificate of Appealability</u>

Under the AEDPA, before a Petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the Petitioner must obtain a Certificate of Appeability ("COA"). *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. §2253(c)(2). Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a COA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a COA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that the scope of appellate review of denial of a habeas petition limited to the issues on which COA has been granted).

A COA will not be granted unless the Petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). To make such a showing, the Petitioner need not show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard*, 542 U.S. at 282; *Miller-El*, 537 U.S. at 336.

The showing necessary to obtain a COA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

16

constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338. In a case in which the Petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the Petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

Reasonable minds could not disagree with this Court's conclusion that Petitioner's federal habeas corpus petition fails to identify a proper respondent. Likewise, reasonable minds could not disagree with this Court's conclusions that, insofar as Petitioner's pro se federal habeas corpus petition can be liberally construed as challenging Petitioner's El Paso County burglary convictions, his petition is untimely and Petitioner is not entitled to the benefit of the doctrine of equitable tolling.

## VI. Sanctions

As this Court explained in its Memorandum Opinion and Order issued October 17, 2014 in cause no. SA-14-CA-543-DAE, Petitioner's abuse of the federal judicial system has few counterparts. Petitioner has repeatedly filed actions possessing no arguable legal merit but which nonetheless required the expenditure of considerable amounts of this Court's scarce judicial resources. Petitioner has repeatedly ignored this Court's prior warnings and previous impositions of sanctions. "No one, rich of poor, is entitled to abuse the judicial process." *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir.). "Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* Extraordinary abuses of the judicial system require extraordinary action.

In this Court's Memorandum Opinion and Order issued October 16, 2014 in cause no. SA-14-CA-543-DAE, the Clerk was directed to refrain from accepting via transfer any future federal habeas corpus actions filed in other federal courts by Petitioner absent proof Petitioner had complied with this Court's prior sanctions Order in cause SA-11-CA-131-OG.  Additionally, having invoked this Court's jurisdiction on multiple occasions for the purpose of filing frivolous federal civil rights actions under the guise of federal habeas corpus actions, Petitioner will be directed to immediately cease and desist from filing any further federal habeas corpus actions in any federal court in this nation without first (1) presenting that federal court with a copy of this Memorandum Opinion and Order and (2) obtaining leave of court from the federal court in which Petitioner wishes to file same. In the event Petitioner fails to comply with this Order, Petitioner will be found in contempt of this Court and punished with monetary sanctions in the amount of four hundred dollars per violation.

Accordingly, it is hereby **ORDERED** that:

1.  The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2.  Petitioner's application for leave to proceed in forma pauperis (*ECF no. 1*), is **DENIED**. For the reasons discussed above, Petitioner's pleadings in this cause establish that Petitioner has not filed a federal habeas corpus action in this cause in good faith, but rather has filed a civil rights action masquerading as a federal habeas corpus action and sought to obtain injunctive relief against various state and federal officials who have never exercised custody over Petitioner's person. Petitioner has failed to allege any facts showing he is currently under imminent danger of serious bodily injury.

3.  Insofar as Petitioner actually seeks federal habeas corpus relief from his El Paso County convictions under 28 U.S.C. § 2254, Petitioner's federal habeas corpus petition, filed February 9, 2015, *ECF no. 1*, is **DISMISSED** as untimely pursuant to 28 U.S.C. § 2244(d).

4.  Petitioner is **DENIED** a Certificate of Appealability on all his claims in this action.

5.  Insofar as Petitioner seeks federal habeas corpus relief pursuant to Title 28 U.S.C. §2241, Petitioner's federal habeas corpus petition is **DISMISSED** based upon Petitioner's failure to identify with specificity any respondent who currently possesses custody of Petitioner's person.

6.  Insofar as Petitioner seeks declaratory, mandamus, or injunctive relief against any of the persons named as respondents in Petitioner's federal habeas corpus petition, Petitioner's claims are **DISMISSED AS FRIVOLOUS** in accordance with 28 U.S.C. Sections 1915(e)(2)(B)(i) and 1915A(b)(1)**.**

7.  Petitioner's motion requesting an order directing respondents to furnish Petitioner with copies of unspecified videotape recordings, filed March 25, 2015 (ECF no. 8), is in all respects **DENIED.**

8.  Petitioner's motion for extension of time to comply with the Show Cause Order and for leave to amend, filed April 3, 2015 (ECF no. 7), is in all respects **DENIED.**

9.  All other pending motions are **DISMISSED AS MOOT.**

10.  Petitioner shall immediately **CEASE** and **DESIST**, i.e., Petitioner is henceforth **PROHIBITED,** from filing, attempting to file, or submitting for filing with any federal court any legal action of any type or manner, regardless of whether styled as a federal civil rights action or a federal habeas corpus action, which purports to challenge the validity of either of Petitioner's El Paso County convictions in state cause nos. 20070D04789 or 20070D04788 unless Petitioner first

19

(1) submits to the federal court in which Petitioner is attempting to file such action a copy of this Memorandum Opinion and Order and (2) obtains express written permission from the federal court in which Petitioner seeks to file his new action for the filing of same. Violation of the foregoing prohibition will result in the imposition of monetary sanctions in the amount of four hundred dollars per violation, with such sanctions to be deducted from Petitioner's TDCJ inmate trust account and transmitted to the Clerk of this Court without regard to the balance in Petitioner's inmate trust account.

11.  Petitioner's current custodian, the Texas Department of Criminal Justice, shall immediately withdraw from Petitioner's TDCJ inmate trust account and transmit to the Clerk of this Court any and all funds currently in that account up to the amount of one hundred dollars (the amount of monetary sanctions previously imposed by this Court in cause no. SA-11-CA-131-OG). In the event the current balance in Petitioner's TDCJ inmate trust account is insufficient to pay this amount of monetary sanctions, Petitioner's custodian shall (1) immediately transmit any and all funds in said account to the Clerk of this Court, regardless of the amount of funds currently in said account and (2) transmit any and all new deposits into Petitioner's TDCJ inmate trust account to the Clerk of this Court until the total amount of monetary sanctions imposed in cause no. SA-11-CA-131-OG shall be paid in full, i.e., until a total of one hundred dollars has been paid to the Clerk of this Court. The manner of transmission or payment made by Petitioner's custodian to the Clerk of this Court pursuant to this Memorandum Opinion and Order shall in any manner acceptable to the Clerk of this Court.

12.  The Clerk shall send Certified copies of (1) this Memorandum Opinion and Order and the Judgment in this cause and (2) the Court's Memorandum Opinion and Order and Final Judgment

in cause SA-14-CA-543-OG to both the TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas 78711, and the TDCJ Inmate Trust Fund, Attn: Mr. Clark, P.O. Box 629, Huntsville, Texas 77342 for the express purpose of permitting those state officials to determine whether Petitioner is subject to loss of good conduct time credits pursuant to Section 498.0045 of the Texas Government Code.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 27, 2015.

_____
David Alan Ezra
Senior United States Distict Judge